IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN NANNI, ) | |
| 411 Winterberry Drive, ) | |
| Middletown, DE  19709-8681, ) | |
| *an individual*, ) | Case No.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 8655 PULASKI JOINT VENTURE LLC, ) | |
| 2066 Lord Baltimore Drive ) | |
| Baltimore, MD 21244 ) | |
| *A Maryland Limited Liability Company,* ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, JOHN NANNI, by and through his undersigned counsel, hereby files this Complaint and sues 8655 PULASKI JOINT VENTURE LLC, a Maryland Limited Liability Company, for declaratory and injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, JOHN NANNI (hereinafter referred to as "MR. NANNI" or "Plaintiff"), is a resident of the State of Delaware.

1

4. Plaintiff is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, 8655 PULASKI JOINT VENTURE LLC, a Maryland Limited Liability Company, (hereinafter referred to as "DEFENDANT") is the owner, lessee, lessor and/or operator of the real property and improvements which is the subject of this action, to wit: "the Property," generally located at 8665 Pulaski Highway, Rosedale, Maryland 21237. Defendant is obligated to comply with the ADA.

7. All events giving rise to this lawsuit occurred in the District of Maryland.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a shopping center, is a public accommodation, subject to the ADA.

10. MR. NANNI has visited the Property and plans to visit the Property again in the near future.

11. During these visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 14 of this Complaint.

12. MR. NANNI continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed herein, which still exist.

13. MR. NANNI intends to and will visit the Property to utilize its goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

14. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following violations which Plaintiff personally encountered and/or observed and which hindered his access:

   A. Plaintiff encountered inaccessible parking due to the designated accessible parking being located on excessive slopes, lacking proper access aisles, being too narrow, and lacking proper signage;

   B. Plaintiff encountered inaccessible routes from the designated accessible parking areas to the tenant entrances due to excessive long and cross slopes, lack of handrails;

   C. Plaintiff encountered a lack of an accessible route from connecting the two sides of the Property, and

   C. Plaintiff encountered inaccessible curb ramp due to excessive slope, steep side flare, and disrepair.

15. Furthermore, DEFENDANT continues to discriminate against Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide Plaintiff an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. To date, the barriers discussed herein still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

18. Removal of the barriers to access located on the Property would provide Plaintiff an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

19. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff;

E. That the Court awards such other and further relief as it deems necessary, just and proper.

                Respectfully submitted,

By: */s/ Robert King* _____
    Robert King, Esq. (MD 07156)
    King & Silverman Attorneys at Law
    5707 East West Highway
    Riverdale, MD 20737
    Tel: 301-699-3100
    Fax: 301-864-7825
    bobking@silverkinglaw.com

        -and-

    KU & MUSSMAN, P.A.
    6001 NW 153rd Street, Suite 100
    Miami Lakes, FL 33014
    Tel: (305) 891-1322
    Fax: (305) 891-4512

    *Attorneys for Plaintiff*